UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 08-297 (PJB) |
| | ) | |
| ANIBAL ACEVEDO VILA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL ORDER ON MOTION
FOR DISCOVERY OF GRAND JURY MATERIALS**

On October 16, 2008, I issued an order on Defendant Acevedo Vila's motion to discover grand jury materials, following a referral from the District Court Judge. I mistakenly assumed that the motion was fully briefed and ready for disposition when it was sent to me and erroneously issued my order before the Defendant's reply time had run. I have now reviewed the Defendant's reply, including two supplemental affidavits. The reply places even greater emphasis on the Defendant's desire to discover, or have the Court review in camera, any instructions the Government gave the grand jury in relation to the honest services wire fraud charge. The reply and the supplemental affidavits do not enhance the Defendant's showing in regard to either of the alleged procedural violations referenced in the motion: (1) the failure to call certain subpoenaed witnesses before the grand jury and (2) the use of serial grand juries to indict the same defendant on different charges. In a nut shell, this motion appears designed, practically speaking, to overcome the rule that all factual allegations recited in the Indictment be taken as true and the presumption that probable cause exists based on the return of a grand jury indictment. See Rucci v. United States INS, 405 F.3d 45, 49 (1st Cir. 2005) ("Generally, a grand

jury indictment definitively establishes probable cause."); United States v. Bohai Trading Co., 45 F.3d 577, 578 n.1 (1st Cir. 1995) (noting that when ruling on a motion to dismiss, the factual allegations in the indictment are taken as true).  The Defendant wants the Court to scrutinize the case made to the grand jury because he believes that certain of his administration officials who would have testified to the grand jury that he never exerted any influence in favor of "Collaborator 18" or his commercial interests were not called to testify, and because the Defendant believes no proof exists that he was aware of some $250,000 in alleged contributions to his campaign from Collaborator 18.  The motion appears to rely on the assumption that only direct evidence in the form of an admission by an administration official could possibly support a finding of probable cause.  The Defendant's showing of some witnesses who will testify on his behalf concerning the absence of attempts by the Defendant to influence them is not enough to overcome the presumption of regularity that attends grand jury proceedings.[1]

The Motion for Discovery of Grand Jury Materials (Doc. No. 20) remains DENIED.

### CERTIFICATE

Any objection to this Order shall be filed in accordance with Fed.R.Crim.P. 59(a).

*So Ordered.*

Date:  October  27, 2008        /s/ Margaret J. Kravchuk
                                U.S. Magistrate Judge

---

[1] As I indicated in my original order denying disclosure of grand jury materials (Doc. No. 28 at 7), the Government did submit certain portions of grand jury testimony ex parte (Doc. No. 26) and I did mention that submission in formulating my written order.  However, nothing in that ex parte testimony relates to grand jury instructions.  The first sealed attachment relates to testimony at the December 4, 2007, grand jury; the second relates to the November 6, 2007, grand jury, and the third to the August 5, 2008, grand jury.  On all three occasions the grand jurors were told (by law enforcement agents as identified in the memorandum) that Fernando Bonilla, the director of the Ports Authority, denied ever being contacted by the Governor or anyone in his administration (presumably in regard to Santana).  However, the extremely brief excerpts do not provide the context or elaboration that the Defendant wants the Court to consider in its in camera review and I have not given weight to them in ruling on this motion.